**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD ERWIN and NANCY ERWIN, | No. 16-15673 |
| Plaintiffs-Appellants, | D.C. No.<br>2:15-cv-01396-LDG-GWF |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted December 4, 2017[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges, and BUCKLO,[***] District Judge.

Homeowners Gerald and Nancy Erwin ("appellants") appeal from the

district court's dismissal, on timeliness grounds, of their action alleging that Wells

Fargo ("appellee") failed to participate in good faith in proceedings mandated by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Nevada's Foreclosure Mediation Program ("FMP") and Section 107.086 of the Nevada Revised Statutes. We affirm.

We review the district court's dismissal de novo, *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), and resolve issues of state law as we believe the state's highest court would resolve them, *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). The district court correctly dismissed appellants' action as untimely because it was filed several months after the parties received notice of the mediator's decision, which is outside the thirty-day limitations period that applies to petitions for judicial review under Nevada's Foreclosure Mediation Rules ("FMR"). *See* FMR 23(3) (providing that petitions for judicial review "shall be filed" within 30 days of the date the party to mediation receives notification of the mediator's decision).[1] Further, the district court correctly construed appellants' action as a petition for judicial review because their claims, however captioned, arose exclusively under Section 107.086.

**AFFIRMED.**

---

[1] The FMRs have been revised and renumbered several times. The district court cited FMR 22(3) for the limitations period, quoting: "All such petitions shall be filed within 30 days of the date that the party to mediation received the notification of the issuance or non issuance of a certificate." The parties do not address which version of the FMRs applies, but neither suggests that any amendment to the rules bears upon the issues presented.